# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Lisa Patrice Gross, ) | Case No. 06-2452 JAR-DJW |
|         Plaintiff, ) | |
| vs. ) | |
| General Motors Corporation, ) | |
|         Defendant. ) | |

## PROTECTIVE ORDER

The joint stipulation and motion (doc. 26) by plaintiff Lisa Patrice Gross and defendant General Motors Corporation pursuant to Federal Rule of Civil Procedure 26(c) for entry of a protective order is granted.  This protective order is intended to protect documents containing confidential personnel information and records regarding former and current employees of General Motors Corporation, including standard personnel files, compensation information, disciplinary records, medical records, evaluation records and grievance records that may be produced by General Motors Corporation in response to pretrial requests.  Accordingly, and for good cause shown, it is hereby **ORDERED:**

      1.	This Protective Order shall govern any documents or other discovery materials containing confidential personnel information and records regarding former and current employees of General Motors Corporation, including standard personnel files, compensation information, disciplinary records, medical records, evaluation records and grievance records, as well as documents containing non-public confidential financial and proprietary material of General Motors Corporation, which documents or materials are produced in response to any discovery requested or obtained by any of the parties in the above-captioned case and are designated "Confidential."

      2.	It is understood by all parties that all such documents specifically so designated by any party, and the information contained in such documents, are confidential as the documents contain personal, financial, proprietary or otherwise confidential information.

      3.	All such documents so designated by any party, and the information contained in such documents, shall be treated as confidential by all persons covered by this Order, and shall be

CC 1905097v1

used solely for the prosecution or defense of this action.  No such document, and no information contained in any such document, shall be disclosed to anyone, in any manner whatsoever, except as provided herein.

4. Nothing in the Protective Order shall be construed to prevent counsel for any party from disclosing such documents, and the information contained in such documents, to persons assisting counsel in the preparation or presentation of the party's case, or from exhibiting any such documents or confidential information to said persons assisting counsel or to deponents during the course of their depositions, or to court reporters, judges and court personnel. Nothing in the Protective Order shall prevent General Motors Corporation from using for any other business purpose of General Motors Corporation the documents or the information contained therein which it produces to plaintiff.

5. Absent prior permission of counsel confirmed in writing or consent of court, disclosure shall not be made of any such document to any individual including expert witnesses (but excluding counsel or support staff) unless and until counsel shall have first presented to such individual a copy of the Protective Order.  All counsel shall require such person to read the Protective Order and to acknowledge reading and understanding the terms of the Protective Order by placing his or her signature on a separate sheet attached to the Protective Order.

6. The parties shall deem any documents produced which they believe to be subject to this Order confidential and shall label or stamp such documents accordingly.

7. The parties may consent that a document produced pursuant to discovery may be removed from the scope of the Protective Order.  Such consent shall be indicated in writing addressed to the opposing counsel.

8. If a party considers a document not to be confidential and desires the removal of such designation, counsel for that party shall discuss the matter with all counsel to ascertain if confidentiality by agreement may be lifted or narrowed.  If agreement of counsel cannot be had, then the Court may, upon application, make such order as is appropriate in the circumstances.

9. It is further understood that no copies shall be made of any documents produced by

-3-

any party, unless necessary in connection with this litigation.

10. The termination of proceedings in this action shall not relieve any person to whom confidential material has been disclosed from the obligations of the Protective Order, unless the Court orders otherwise.

11. This Order is not rendered to the prejudice of any party to seek further protective orders throughout the process of discovery or otherwise during this litigation.

**IT IS SO ORDERED.**

DATE: <u>June 5, 2007</u>

<u>s/ David J. Waxse</u>
JUDGE

CC 1905097v1

I HAVE READ AND UNDERSTAND THE PROTECTIVE ORDER ENTERED BY THE COURT IN <u>LISA PATRICE GROSS V. GENERAL MOTORS CORPORATION</u>, CASE NO. 06-2452 JAR-DJW. (SIGN AND DATE BELOW)

1.
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.

CC 1905097v1